944 F.2d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Victor Andrew AGE, Defendant-Appellant.
 No. 90-50269.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 9, 1991.*
Decided Sept. 24, 1991.
 
 1
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Victor Andrew Age appeals his conviction on one count of escaping from federal custody in violation of 18 U.S.C. § 751. Age argues, first, that his right to conduct his own defense was violated by restrictions on his access to the prison law library and the lack of a direct telephone line to advisory counsel. Second, Age contends that the district court erred in denying his motion to dismiss the indictment due to unreasonable preindictment delay. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291, and we affirm.
 
 I.
 
 4
 The district court granted Age's motion to represent himself, and appointed an attorney to act as advisory counsel. The court then denied Age's motions requesting access to the prison law library and a direct telephone line to advisory counsel, reasoning that the restrictions were reasonable security measures and that advisory counsel could provide the research necessary to assist Age in conducting his defense. Relying primarily upon our decision in Milton v. Morris, 767 F.2d 1443 (9th Cir.1985), Age argues that these restrictions violated his rights under the Fifth and Sixth Amendments to conduct his own defense and to have meaningful access to the materials necessary to do so.
 
 
 5
 In Milton, we held that a necessary corollary of a defendant's Sixth Amendment right to proceed pro se, first enunciated by the Supreme Court in Faretta v. California, 422 U.S. 806 (1975), is the right to have reasonable access to the resources necessary to prepare for his defense. Milton, 767 F.2d at 1446. In so holding, we recognized that "a defendant who chooses to represent himself does not have a due process right of access to a court maintained library, so long as he is afforded some alternative means for assistance in the preparation of his defense." Id. at 1447 (emphasis added). And we expressly noted, in reference to the earlier case of United States v. Wilson, 690 F.2d 1267 (9th Cir.1982), cert. denied, 464 U.S. 867 (1983), that this right is satisfied where court-appointed counsel is available to assist the defendant in preparing his defense. Milton, 767 F.2d at 1446.
 
 
 6
 In this case, the prison authorities denied Age access to the prison law library on the grounds that, in light of his alleged recent escape from that same institution, such access might create a very real security concern. The district court may clearly consider such factors in determining what measures are required to protect a particular defendant's right to prepare for his own defense. Milton, 767 F.2d at 1446. Consistent with Milton's recognition that some "alternative means for assistance in the preparation of his defense" will satisfy the constitutional requirements, we think that the district court's appointment of advisory counsel adequately protected the appellant's rights to represent himself and to have meaningful access to the courts.
 
 
 7
 Age argues, however, that the denial of his request for a direct telephone line to his advisory counsel effectively prevented him from preparing a defense. The fact that a direct line would provide more convenient access to counsel does not, of course, mean that such facilities are constitutionally required; as the Supreme Court has said, an accused who elects to defend himself "relinquishes ... many of the traditional benefits associated with the right to counsel." Faretta, 422 U.S. at 835. Lacking any indication that the access Age actually had to his advisory counsel was inadequate, the denial of a direct telephone line did not violate his Fifth or Sixth Amendment rights.[1]
 
 
 8
 In sum, Age's right to have access to the materials necessary to conduct his own defense was satisfied by the appointment of advisory counsel, and the denial of his request for a direct telephone line was not improper.
 
 II.
 
 9
 Age next argues that the preindictment delay violated his Fifth Amendment due process and Sixth Amendment speedy trial rights. The escape took place on June 16, 1989, and Age was arrested and returned to custody six days later. On November 14, 1989, the June 1989 federal grand jury returned an indictment charging Age with escape, and the appellant was arraigned before a federal magistrate on February 20, 1990. Age was found guilty after a two-day jury trial that ended on April 18, 1990. We review the district court's denial of the motion to dismiss under the Fifth and Sixth Amendments for an abuse of discretion. United States v. Turner, 926 F.2d 883, 888 (9th Cir.1991).
 
 
 10
 Age's Fifth Amendment due process claim fails because he has not alleged the type of "definite and non speculative" proof showing "how the loss of a witness and/or evidence is prejudicial to his case" that such a claim requires. United States v. Gonzalez-Sandoval, 894 F.2d 1043, 1050 (9th Cir.1990) (quoting United States v. Moran, 759 F.2d 777, 782 (9th Cir.1985), cert. denied, 474 U.S. 1102 (1986)). Age's wholly unsubstantiated assertion that the delay prevented him from locating and calling as witnesses persons who would support his defense is insufficient to establish actual prejudice. Gonzalez-Sandoval, 894 F.2d at 1051. The preindictment delay did not violate the appellant's due process rights.
 
 
 11
 Nor did the delay deprive Age of his right to a speedy trial under the Sixth Amendment.[2] In analyzing such a claim, "we weigh the length of the delay, the reasons for it, the defendant's timeliness and manner of asserting this right, and whether the defendant has suffered cognizable prejudice." Turner, 926 F.2d at 889 (citing United States v. Valentine, 783 F.2d 1413, 1417 (9th Cir.1986)). In light of the relatively short delay in this case and the appellant's complete inability to establish that he was prejudiced thereby, we hold that the district court did not abuse its discretion in denying Age's motion to dismiss the indictment.[3]
 
 III.
 
 12
 The appellant's conviction is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In Milton, we relied heavily upon the fact that prison authorities prevented the defendant from having any meaningful access to his appointed counsel. 767 F.2d at 1446. Here, Age does not allege that he was denied access to counsel; rather, he merely asserts that the absence of a direct telephone line hampered his ability to prepare his defense. The record indicates, however, that his advisory counsel was very much involved in the preparation of his defense, and hence his situation differs significantly from the defendant in Milton
 
 
 [2]
 Age does not argue that the delay violated the Speedy Trial Act of 1974; rather, he brings this claim directly under the speedy trial clause of the Sixth Amendment
 
 
 [3]
 Age also argues that the district court should have dismissed the indictment under Federal Rule of Criminal Procedure 48(b). Age concedes that he did not raise this issue in the district court, and we elect not to address it on appeal