944 F.2d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clarence Waipa AKANA, Jr., Defendant-Appellant.
 No. 91-10041.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 16, 1991.*
Decided Sept. 19, 1991.
 
 Before ALARCON, BOOCHEVER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Clarence Waipa Akana, Jr., (Akana) appeals from the judgment entered on December 17, 1990. Akana was convicted of possession with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(c). Akana contends that the district court erred in denying his motion to suppress evidence because he was arrested and searched without probable cause.
 
 
 3
 We affirm because we agree with the district court's findings that Akana was lawfully arrested for assault and that the evidence was obtained through a lawful search incident to his arrest.
 
 
 4
 * On May 10, 1990, Akana was arrested at the Honolulu Airport by Police Detective Lambert Ohia (Ohia). Ohia was assigned to the Honolulu Airport as part of the Drug Enforcement Agency Airport Task Force (Task Force). A confidential informant had advised the Task Force that on May 10, 1990, a suspected drug courier, Menlito Ribao (Ribao), would be arriving from Los Angeles. Ohia approached Akana, mistaking him for Ribao, and identified himself as a Task Force agent. At this time, Akana struck Ohia in the chest with a closed fist. Ohia arrested Akana for assault and drug trafficking. Ohia handcuffed Akana and immediately searched his carry-on bag where he found approximately 300 grams of cocaine.
 
 
 5
 Akana contends that the district court's factual findings were clearly erroneous because the court "ignored the fact that Ohia's perception of the events was colored by (1) his admitted intention to detain AKANA regardless of whether AKANA wanted to talk, and (2) his admitted intention to arrest AKANA", based on the mistaken belief that Akana was Ribao. Appellant's Brief at 6. Akana's contention that, in determining credibility, the district court ignored Ohia's intention to arrest Akana if he declined to be interviewed is not supported by the record. This argument is pure speculation.
 
 
 6
 Akana testified that he did not assault Ohia. Instead, he blocked Ohia's attempt to punch him and pushed the officer aside. He asserts that his conduct did not constitute probable cause for an arrest for assault.
 
 
 7
 "The ultimate conclusion whether probable cause exists is a mixed question of law and fact, which we review de novo." United States v. Pinion, 800 F.2d 976, 979 (9th Cir.1986) cert. denied, 480 U.S. 936 (1987). We review the district court's factual findings for clear error. Id.
 
 
 8
 The district court heard testimony by Officer Ohia and Akana and found that:
 
 
 9
 Officer Ohia approached defendant on his right side, identified himself as a member of the [Drug] Task Force; at that time, [Akana] said he didn't have to talk to him, and struck [Officer Ohia] in the chest with a closed fist.
 
 
 10
 The Court finds that that constitutes an assault; and that Officer Ohia had probable cause to arrest defendant Akana for assault, which he then proceeded to do; and Court finds that defendant Akana resisted the arrest, and that Officer Ohia had to handcuff the defendant; that he immediately searched the bag with no other agents being present at that time.
 
 
 11
 This was a search made incident to an arrest; and that the Officer Ohia found ... cocaine, as well as a scale....
 
 
 12
 Transcript of Proceedings (TP) at 61 (emphasis added).
 
 
 13
 "Deference to the district court's factual finding[s] is especially warranted here when the critical evidence is testimonial; the 'judge was in the unique position to observe the demeanor of both [the defendant] and the police [officer] while we have only the cold record, which is sterile by comparison.' " United States v. Wolf, 813 F.2d 970, 975 (9th Cir.1987) (quoting United States v. Hood, 493 F.2d 677, 680 (9th Cir.), cert. denied, 419 U.S. 852 (1974)). The district court found that Akana punched Ohia in the chest. The evidence is undisputed that Akana forcibly touched the officer. The district court rejected Akana's testimony that he merely intended to protect himself. Instead, the district court credited Ohia's testimony. The district court did not err in concluding that probable cause existed for the arrest of Akana for assault. The fact that Ohia believed he had probable cause to arrest Akana for drug trafficking did not affect the legality of the arrest for assault.
 
 II
 
 14
 Akana contends that the district court erred in admitting 299.75 grams of cocaine and a Deering scale because "the search must be incident to a lawful arrest (which this was not) and must be limited to the person of the arrestee and the area immediately within his control (AKANA was handcuffed so the bag was not available)." Appellant's Brief at 8 (citing Chimel v. California, 395 U.S. 752, 762-763 (1969)).
 
 
 15
 "In the context of ... searches incident to arrest, we review de novo the application of established facts to legal standards." United States v. Turner, 926 F.2d 883, 887 (9th Cir.1991)
 
 The district court concluded as follows:
 
 16
 [T]hat [a] lawful custodial arrest creates a situation which justifies the contemporaneous search without a warrant of the person arrested, in that immediately surrounding area....
 
 
 17
 And ... that Agent Ohia had probable cause to arrest defendant Akana, based on the defendant's assault and battery of the agent's own person; and that the search of defendant's carry-on luggage was a valid search incident to arrest. The contents thereof are admissible in trial of defendant for possession with intent to distribute cocaine.
 
 
 18
 TP at 62.
 
 
 19
 As discussed above, Akana was lawfully arrested for assault. The Supreme Court has held that "a lawful custodial arrest creates a situation which justifies the contemporaneous search without a warrant of the person arrested and of the immediately surrounding area." New York v. Belton, 453 U.S. 454, 457 (1981) (citing Chimel v. California, 395 U.S. 752, 763 (1969)). We have previously held that the search and seizure of evidence, which is within the arrestee's immediate control at the time of arrest, conducted immediately after the arrest and handcuffing of the arrestee is a "search incident to arrest" consistent with Chimel. Turner, 926 F.2d at 887-888. Akana had his carry-on bag in his immediate control at the time of his arrest. Thus, the district court did not err in concluding that Ohia's search of Akana's handbag was reasonable, notwithstanding the fact that he was handcuffed before the search was conducted.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3