944 F.2d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory D. GARRIS, Defendant-Appellant.
 No. 90-30421.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1991.*
Decided Sept. 24, 1991.
 
 Before PREGERSON, BRUNETTI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gregory D. Garris appeals his conviction by conditional guilty plea for unlawful possession of firearms and explosives, in violation of 26 U.S.C. § 5861(d) and 18 U.S.C. § 842(h). Garris contends that the district court erred by denying, without a hearing, his motion to dismiss the indictment because a 35-month pre-indictment delay denied him due process. We review for an abuse of discretion, United States v. Gonzalez-Sandoval, 894 F.2d 1043, 1050 (9th Cir.1990), and affirm.
 
 
 3
 When considering a motion to dismiss based on pre-indictment delay, the district court must determine whether the defendant has established actual prejudice from the delay. United States v. Turner, 926 F.2d 883, 889 (9th Cir.1991), petition for cert. filed, No. 90-8008 (May 13, 1991); Gonzalez-Sandoval, 894 F.2d at 1050 (citing United States v. Lovasco, 431 U.S. 783 (1977)). If the defendant meets this "heavy" burden, the district court must then weigh the length of the delay against the reasons for it. Gonzalez-Sandoval, 894 F.2d at 1050; United States v. Sherlock, 865 F.2d 1069, 1073 (9th Cir.1989). " '[P]rotection from lost testimony generally falls solely within the ambit of the statute of limitations.' " Sherlock, 865 F.2d at 1074 (quoting United States v. Moran, 759 F.2d 777, 782 (9th Cir.1985), cert. denied, 474 U.S. 1102 (1986)). Accordingly, the defendant's proof " 'must be definite and not speculative, and the defendant must demonstrate how the loss of a witness and/or evidence is prejudicial to his case.' " Gonzalez-Sandoval, 894 F.2d at 1050 (quoting Moran, 759 F.2d at 782).
 
 
 4
 To warrant an evidentiary hearing on a motion to dismiss an indictment, the defendant must make factual allegations that, if true, would entitle him to the requested relief. United States v. Benjamin, 852 F.2d 413, 423 (9th Cir.1988), vacated on other grounds, 490 U.S. 1043 (1989).
 
 
 5
 Here, Garris stated in his motion to dismiss that he had been prejudiced because "he was entitled to be charged within a reasonable period of time of the alleged offense." He referred in his subsequent memorandum to difficulty regarding the availability of witnesses and to his anxiety during the delay. Because Garris made no attempt to allege specifically how the loss of any particular witnesses actually prejudiced his defense, the district court did not abuse its discretion by denying his motion without a hearing. See Gonzalez-Sandoval, 894 F.2d at 1050; Benjamin, 852 F.2d at 423.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3