**In re the MATTER OF GRAND JURY SUBPOENAS ISSUED MAY 3, 1994 FOR Walter B. NASH III, Bertram Polix, Stephen G. Ralls, and Albert G. Freeman Jr.**

**No. GJ 93–2–11 TUC JMR.**

United States District Court,
D. Arizona.

Aug. 2, 1994.

Charles L. Jenkins, Asst. U.S. Atty., Tucson, AZ, for U.S.

Michael L. Piccarreta, Hirsh, Davis, Walker & Piccarreta, P.C., Tucson, AZ.

Stephen M. Dichter, Bryan Cave, Phoenix, AZ, for amici curiae Arizona Attys. for Criminal Justice and Nat. Ass'n of Crim. Defense Lawyers.

## ORDER & MEMORANDUM DECISION

ROLL, District Judge.

### INTRODUCTION

Pending before the Court are motions to quash grand jury subpoenas filed by four criminal defense attorneys who have been directed to appear and produce records concerning fee arrangements with certain clients. For the reasons set forth below, the motions to quash are denied as to all four attorneys. The objections to the timing of the subpoenas as to three of the attorneys are sustained while the objection of the

fourth defense attorney to the timing of the subpoena is overruled.

### FACTUAL BACKGROUND

Attorneys Walter B. Nash III, Bertram Polis, Stephen G. Ralls, and Albert G. Freeman Jr. have been subpoenaed to appear before a grand jury and to produce certain records concerning client fee information. At the time the subpoenas issued, all four attorneys were retained to represent criminal defendants in *United States v. Doe, et al.,* CR 94–035 TUC JMR.[1] *United States v. Doe* involves allegations against nine defendants. Charges include continuing criminal enterprise, laundering of monetary instruments, and various violations of the controlled substance laws.

The initial indictment, filed January 26, 1994, proceeded solely against Doe. A superseding indictment was filed on March 9, 1994 and added the other eight defendants. A second superseding indictment was filed on March 23, 1994.

Walter B. Nash III represents Ernesto Andrade–Moreno, Bertram Polis represents John Yslas, Stephen G. Ralls represents Hector B. Pacho, and Albert G. Freeman Jr. represents Doe. All but Yslas are in custody. Doe has been in custody since January, and Andrade and Pacho have been in custody since March.

On May 3, 1994, the government caused grand jury subpoenas duces tecum to issue. These subpoenas require the attorneys to appear, produce records, and give testimony regarding their fee arrangements with the above mentioned clients.

Each grand jury subpoena duces tecum requires counsel to produce the following:

All records and documents reflecting all payments in connection with your representation of any defendant(s) in *U.S. v. Rafael Trinidad Gamez–Sanchez, et al.,* CR 94–035–TUC–JMR, including all information regarding who retained counsel for the defendant(s), amounts paid, manner of

---

1. Doe was indicted under the name Rafael Trinidad Gamez–Sanchez, but it was later established that this name was an alias. Despite an invitation to do so, Doe has declined to produce proof of his true identity. The indictment and caption have been amended to reflect the pseudonym "Doe."

payment, and communications with persons with whom counsel or his office consulted regarding this matter who are not defendants.

Each attorney, through joint counsel, has filed a motion to quash. This matter has been briefed and argued.[2] The government has submitted for *in camera* inspection an affidavit setting forth its reasons for pursuing the subpoenas. Each defense attorney has filed an affidavit for *in camera* inspection. Each affidavit details the problems encountered by defense counsel as a result of the subpoena, the amount of the fee paid, and the source of the fee. Trial in this matter is currently set for September 13, 1994.

## APPLICABLE LAW

### A. Fee and Fee Payer Information

■■■ "The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice." *In re Grand Jury Subpoenas*, 803 F.2d 493, 496 (9th Cir.1986). Ordinarily, fee and fee payer information is not privileged. *Id.* ("Generally, the identity of an attorney's client and the nature of the fee arrangement between an attorney and ... client are not privileged."). A narrow exception to this rule was carved out by *Baird v. Koerner*, 279 F.2d 623 (9th Cir.1960). The *Baird* exception protects otherwise discoverable material when disclosure "would reveal information that is tantamount to a confidential professional communication." *Tornay v. United States*, 840 F.2d 1424, 1428 (9th Cir.1988). However, *Baird* involved "a unique factual situation," *United States v. Sherman*, 627 F.2d 189, 191 (9th Cir.1980), in which a lawyer retained for advice about tax matters recommended that clients anonymously tender to the authorities sums due for unpaid taxes. The government subsequently attempted to compel the attorney to divulge the identity of the anonymous taxpayers. The *Baird* exception is inapplicable to the matter under consideration.

### B. Permissible Use of Grand Jury Subpoenas

■■■ Merely because attorney fee information is not privileged, such information may not be obtained through a grand jury subpoena at all times and under all circumstances. The grand jury may not be used by the government for pretrial criminal discovery. *United States v. Thompson*, 944 F.2d 1331, 1337 (7th Cir.1991), *cert. denied*, ─── U.S. ───, 112 S.Ct. 1177, 117 L.Ed.2d 422 (1992); *United States v. Jenkins*, 904 F.2d 549, 559 (10th Cir.1990), *cert. denied*, 498 U.S. 962, 111 S.Ct. 395, 112 L.Ed.2d 404 (1990); *In re Grand Jury Subpoena Duces Tecum dated January 2, 1985 (Simels)*, 767 F.2d 26, 30 (2nd Cir.1985). *See also* 8 J. Moore, *Moore's Federal Practice* 6.04[5] at 6–86 (1984). In *United States v. (Under Seal)*, 714 F.2d 347, 349 (4th Cir.1983), *cert. dismissed*, 464 U.S. 978, 104 S.Ct. 1019, 78 L.Ed.2d 354 (1983), the Fourth Circuit explained the rationale for this rule: "[P]ractices which do not aid the grand jury in its quest for information bearing on the decision to indict are forbidden."

■■■ The investigatory power of the grand jury may not be used if the primary purpose of the investigation is to gather evidence for use at the trial of a pending matter. *United States v. Star*, 470 F.2d 1214, 1217 (9th Cir. 1972). *See also United States v. Vanwort*, 887 F.2d 375, 387 (2nd Cir.1989), *cert. denied*, 495 U.S. 906, 110 S.Ct. 1927, 109 L.Ed.2d 290 (1990), *and cert. denied*, 495 U.S. 910, 110 S.Ct. 1936, 109 L.Ed.2d 299 (1990); *In re Grand Jury Proceedings (Diamonte)*, 814 F.2d 61, 70 (1st Cir.1987); *United States v. Moss*, 756 F.2d 329, 331 (4th Cir.1985).

■■■ Accordingly, a grand jury subpoena that requires an attorney to divulge a fee arrangement, issued after the client has been indicted and while the indictment is pending, may not have as its "sole or dominating purpose" the procurement of evidence for trial. *In re Grand Jury Subpoena Duces Tecum dated January 2, 1985 (Simels)*, 767 F.2d at 29 (citations omitted); *In re Grand*

---

**2.** The Court has also considered the briefs submitted by *amici curiae* Arizona Attorneys for Criminal Justice and the National Association of Criminal Defense Lawyers.

*Jury Proceedings,* 632 F.2d 1033, 1041 (3rd Cir.1980).

Because the sole or dominant purpose may be difficult to ascertain, *In re Grand Jury Proceedings,* 814 F.2d at 70; *Matter of Chinske,* 785 F.Supp. 130, 132 (D.Mont.1991), and there is no absolute bar to a grand jury subpoena that seeks fee information from an attorney regarding a client who is awaiting trial, *United States v. Perry,* 857 F.2d 1346, 1348 (9th Cir.1988); *In re Grand Jury Subpoenas,* 906 F.2d 1485, 1494 (10th Cir.1990), the government's purpose for seeking the information must be determined on a case by case basis.

■■■ Returning to the case at hand, the government maintains that the subpoenas issued herein have a permissible use because the information is being sought regarding new charges and that any uncovered information helpful to the pending matter will be merely incidental to its primary purpose. In addition, at one time the government suggested that it might seek a third superseding indictment based upon the disclosures to the grand jury.[3]

Subpoenas issued under the present circumstances are perplexing. The government can always assert that such information may shed light on potential tax law violations. Any time money laundering charges or drug charges are pending, information regarding a defendant's retention of legal counsel could be characterized as indicia of wealth. When such indicia is present without legitimate explanation for its source, it may have probative value. Unfortunately, this could result in the indiscriminate issuance of grand jury subpoenas for attorney fee records while clients await trial.

Here, the information being sought by the government relates to four defendants under indictment in a pending federal prosecution.[4] Grand jury subpoenas issued under similar circumstances have given courts pause in analyzing the propriety of such instruments. *Perry,* 857 F.2d at 1348 ("clearly wrongful" for government to serve subpoenas on defense counsel when case is only five days away from trial and subpoena requires attorney to divulge fee arrangement with client); *In re Grand Jury Matters,* 751 F.2d 13, 18 (1st Cir.1984) (subpoena issued for attorney representing a target in a related pending criminal matter "implicates serious policy concerns.").

Having reviewed all of the information submitted including the information contained in the sealed affidavits,[5] it is clear that the information the government seeks is relevant to the pending criminal matter. Less clear, however, is whether the sole or dominant purpose for issuing the subpoenas at this time is to investigate new charges, at least as to information possessed by three of the four attorneys. Albert G. Freeman Jr., counsel for Doe, stands in a unique position if for no other reason than the fact that the government has thus far been unable to identify the true name of Freeman's client.

### C. Scope of Subpoenas

■■ The grand jury subpoenas contain language requiring disclosure of more than the identity of the fee payer and the amount of fees paid. *See supra* p. 133. Each subpoena includes overly broad language directing the witness to disclose "communications with persons with whom counsel or his office consulted regarding this matter who are not defendants." The subpoena does not specify who is contemplated by "persons" nor delineate the scope of the term "this matter." In light of this undisciplined language, the subpoenas exceed even the breadth of the sub-

---

3. As a general proposition, undue delay in seeking a superseding indictment can be the basis for a motion to dismiss that indictment. *United States v. Turner,* 926 F.2d 883, 888–89 (9th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 103, 116 L.Ed.2d 73 (1991). In light of the facts that Andrade, Pacho, and Doe have been in custody for several months, the government has twice superseded, and trial is scheduled for September, a third superseding indictment appears improbable.

4. The government does not assert that any of the four subpoenaed attorneys is the target of a grand jury investigation.

5. The government's affidavit and the affidavits of the four criminal defense attorneys have been sealed and are a part of the record of this proceeding.

poena found objectionable in *United States v. Horn*, 976 F.2d 1314 (9th Cir.1992).

### D. Timing of Grand Jury Subpoenas

 Rule 17(c), Federal Rules of Criminal Procedure, gives the district court the power to quash or modify a subpoena duces tecum "if compliance would be unreasonable or oppressive." *In Re Grand Jury Matters*, 751 F.2d at 16 (citations omitted). While the power of the grand jury to investigate is broad, it is not unlimited. *Id.* at 17. A court can quash a grand jury subpoena if the *"timing* of the subpoenas unduly and unnecessarily burden[ ]" the right to counsel. *Id.* (Emphasis in original). *See also Perry*, 857 F.2d at 1351.

Counsel for the defense attorneys contends that the issuance of these subpoenas while the respective clients are awaiting trial produces a conflict of interest between defense counsel and client, drives a wedge between counsel and client which could ultimately require disqualification should the subpoenas be enforced and counsel required to testify at trial, and sends a chilling message to the defense bar. These arguments mimic the concerns raised by the First Circuit in *In re Grand Jury Matters*, 751 F.2d at 19.

While each of these contentions may have merit, the most compelling reason for postponing enforcement of these subpoenas is that compliance will merely result in obtaining additional evidence for trial. The one exception concerns attorney Freeman's fee payment records concerning client Doe.

### CONCLUSION

As a general principle, the law is well founded that attorney fee information is not privileged. This broad rule may be tempered, however, if the timing of efforts to obtain such information suggests that it is sought for use in a pending trial. Assuming the propriety of the subpoena, its scope must be appropriately tailored to extract the relevant information.

In this case, the Court finds that the government's primary purpose for requesting information as to attorneys Walter B. Nash III, Bertram Polis, and Stephen G. Ralls is improper *at this time.* As to attorney Albert G. Freeman Jr., the Court finds that cause exists to require compliance with the grand jury subpoena. The Court further finds all four subpoenas to be overbroad.

### ORDER

Having considered the reasons given by the government for the issuance of the subpoenas at the present time and the affidavits filed by the attorneys subpoenaed to appear before the grand jury,

**IT IS ORDERED:**

1. The grand jury subpoenas are **QUASHED** to the extent they require disclosure of "communications with persons with whom counsel or his office consulted regarding this matter who are not defendants . . .";

2. The motion to quash is **DENIED** as to all four defense attorneys;

3. The objections to the timing of the four subpoenas are **SUSTAINED** with the exception of the objection as to attorney Albert G. Freeman Jr.. As to attorneys Walter B. Nash III, Stephen G. Ralls and Bertram Polis, the subpoenaed information need not be produced until after judgment has been entered in connection with each respective defendant in *United States v. Doe*, CR 94–035 TUC JMR.

4. The objection as to the timing of the grand jury subpoena directed toward attorney Albert G. Freeman Jr. is **OVERRULED. IT IS ORDERED** that attorney Freeman comply with the grand jury subpoena, as modified by this Order, forthwith.

**IT IS FURTHER ORDERED** that attorney Freeman's affidavit be disclosed to the government forthwith.