131 F.3d 148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Peter C. TRACAS, surviving parent of George C. Tracas,
deceased; Dorthy M. Tracas, surviving parent of George C.
Tracas, deceased and as Personal Representative for the
Estate of George C. Tracas, deceased, Plaintiffs-Appellants,
v.
Mike C. DENNEY, Andres O. Vasquez; Ronald B. Cox; Fermin
R. Torrez, aka Therman, Defendants-Appellees.
 No. 96-16769.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted October 9, 1997.
Filed Nov. 24, 1997.
 
 1
 Appeal from the United States District Court for the District of Arizona, D.C. No. CIV 92-1451 PCT PGR; Paul G. Rosenblatt, District Judge, Presiding.
 
 
 2
 Before GOODWIN, FLETCHER, and RYMER Circuit Judges.
 
 
 3
 MEMORANDUM*
 
 
 4
 Plaintiffs are the surviving parents of George Tracas, who was killed by Arizona SWAT team police officers during an arrest attempt at Tracas' trailer home. Plaintiffs appeal the district court's judgment as a matter of law in favor of the police officers on Plaintiffs' wrongful death claim and on Plaintiffs' civil rights claim under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 1294. We affirm.
 
 I.
 
 5
 We first address the wrongful death claim. Plaintiffs argue that the wrongful death claim was improperly decided because the Arizona SWAT team officer who shot and killed George Tracas did not act in justifiable self-defense.
 
 
 6
 Pursuant to Arizona statute, an officer cannot be subjected to civil liability if his conduct is justified under the Arizona criminal code. A.R.S. § 13-413. The Arizona criminal code justifies a killing in self-defense where a person reasonably believes deadly physical force is immediately necessary to protect himself from the other's use or attempted use of unlawful deadly physical force. A.R.S. § 13-405. A self-defense claim is forfeited only if the person claiming self-defense willingly and knowingly provoked the other's use or attempted use of unlawful physical force. A.R.S. § 13-404(B)(3); U.S. v. Garcia, 826 F.2d 806, 812 (9th Cir.1987).
 
 
 7
 In the instant case, the district court determined that the Arizona SWAT team officer who shot and killed George Vasquez could have reasonably believed that his life was in imminent danger when he fired his weapon. The uncontradicted evidence supports this conclusion. Consequently, it cannot be said the district court erred in concluding, as a matter of law, that the police officer was justified in shooting George Tracas in self-defense.
 
 
 8
 Plaintiffs' argument that the police officer should, nevertheless, lose his self-defense jurisdiction under the provocation exception is unavailing. In entering the trailer home, the officer was trying to obtain Tracas' lawful custody. Plaintiffs allege the police officers acted negligently in effecting the arrest. Plaintiffs may well be correct, but negligence, recklessness, or even wanton negligence is not enough to constitute provocation under Arizona state law. Garcia, 826 F.2d at 812. We are bound by that law.
 
 
 9
 The district court properly granted judgment in favor of the police on the wrongful death claim. A shooting which is justified under the Arizona criminal code cannot serve as the basis for civil liability.
 
 II.
 
 10
 We next address the civil rights claim under 42 U.S.C. § 1983. Plaintiffs argue that the Arizona police officers, in failing to knock and announce their presence and wait for a response before entering the trailer home to execute the arrest warrant, knowingly violated George Tracas' rights under the Fourth Amendment. Accordingly, plaintiffs claim qualified immunity protection is not warranted in this case.
 
 
 11
 The Supreme Court has ruled that whether a law enforcement officer can claim qualified immunity from liability for alleged constitutional violations depends on whether a reasonable officer could have believed his actions were lawful in light of clearly established law and the information the officer possessed. Anderson v. Creighton, 483 U.S. 635, 641 (1987). The standard is one of objective legal reasonableness. A court must ask whether the official "acted reasonably under settled law in the circumstances, not whether another reasonable, or more reasonable, interpretation of the events can be constructed ... years after the fact." Hunter v. Bryant, 502 U.S. 224, 228 (1991).
 
 
 12
 The law governing the challenged police conduct in this case was clearly established at the time of the conduct in question. Police officers have a duty under the Fourth Amendment to knock and announce their presence and wait for a refusal of entry before entering a home to execute an arrest warrant unless exigent circumstances are present excusing compliance. Wilson v. Arkansas, 514 U.S. 927, 934 (1995). Exigent circumstances exist, excusing compliance, where, based on specific known facts, the police officers reasonably fear that compliance with the formal knock-notice requirements will endanger their lives. United States v. McConney, 728 F.2d 1195, 1206 (9th Cir.1984); United States v. McShane, 462 F.2d 5, 6 (9th Cir.1972).
 
 
 13
 The district court determined that an officer in the same position as the Arizona SWAT team officers could have reasonably believed that compliance with the formal knock-notice requirements would have placed his life in danger, and that exigent circumstances existed warranting a forced, no-refusal entry. The district court's conclusion was consistent with this Court's decisions on similar facts. See U.S. v. Turner, 926 F.2d 883, 887 (9th Cir.1991); McConney, 728 F.2d at 1206; McShane, 462 F.2d at 6. The district court properly granted the police officers qualified immunity on the § 1983 claim as a matter of law.
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3