**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Felix Vincent COLON, Defendant–
Appellant.**

No. 99–50570.

D.C. No. CR–98–00132–GLT.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 31, 2000.[1]

Decided Jan. 5, 2001.

---

1.  The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before CHOY, SKOPIL, and FERGUSON, Circuit Judges.

MEMORANDUM [2]

Felix Colon was convicted by a jury of embezzling mail in violation of 18 U.S.C. § 1709. His appellate counsel filed an appeal pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), identifying potential issues regarding Colon's conviction. Our task is to determine whether there are any meritorious issues. *See Anders,* 386 U.S. at 744. We conclude there are none, and accordingly, we affirm.

DISCUSSION

■ Colon objected to the Government's request for a continuance to file a superseding indictment. We conclude that no reversible error occurred. Nothing in the record indicates that Colon was prejudiced by the continuance or by the filing of the superseding indictment. *See United States v. Turner,* 926 F.2d 883, 888–89 (9th Cir.1991) (reviewing record to determine if defendant's rights were violated by filing of a superseding indictment). Moreover,

the court dismissed the original indictment with prejudice.

■ Colon also objected to a number of the court's evidentiary rulings. We agree with appellate counsel, however, that none of the rulings created reversible error. Testimony regarding uncharged conduct was admissible because it is "inextricably intertwined" with evidence of charged conduct. *See United States v. Serang,* 156 F.3d 910, 915 (9th Cir.1998). The video tape evidence was properly admitted for the limited purpose of demonstrating the nature of the warnings given to all new postal employees. No error occurred when the trial court allowed the Government to admit photocopies of the test letters for the limited purpose of establishing that such documentation had been prepared by the agents. Finally, no reversible error occurred when a Government witness read into evidence part of Colon's sworn testimony at a Postal Service administrative hearing; the record indicates that the parties stipulated to the admission of that testimony.

■ Colon objected to some of the proposed jury instructions. Most were required instructions, however, regarding intent and motive. One instruction that is not required, but was requested by the Government, stated that the Government is not require to prove that the stolen mail was valuable. Colon, however, agreed that the instruction correctly stated the law.

■ During deliberations the jury sent messages to the court. In response to the first two messages, the district court properly told the jurors that they must decide the case based on the evidence presented and the instructions given to them. The third note, however, indicated that the jury was deadlocked. The trial court did not

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

9

err by refusing to grant a mistrial. The court's decision to permit the jury to recess for the weekend and begin the deliberations anew the following week is not reversible error. *See United States v. Eldred*, 588 F.2d 746, 752 (9th Cir.1978) (holding that no error occurred when court permitted deadlocked jury to take "time for weekend reflection").

Finally, Colon argued to the district court that the Government failed to submit sufficient evidence to prove that he took anything "contained in the mail." We have reviewed the record and we conclude that there is ample evidence that the money Colon removed from the test letter was an "article or thing contained" within the mail. *See* 18 U.S.C. § 1709; *see also Formhals v. United States*, 278 F.2d 43, 46 (9th Cir.1960) (holding that "test letters" placed by agents were "in the United States mail" for purposes of § 1709).

## CONCLUSION

Our examination of counsel's brief and our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no further issues requiring review. Accordingly, we GRANT counsel's motion to withdraw as counsel of record, and we AFFIRM the judgment of the district court.