**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**John Andrew ROMAN, Defendant—
Appellant.**

No. 03–10450.

United States Court of Appeals,
Ninth Circuit.

Submitted June 16, 2004.*

Decided June 21, 2004.

---

Darin Lahood, AUSA, USLV–Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

John C. Lambrose, Esq., Jason F. Carr, Esq., FPDNV–Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: LAY,** HAWKINS, and BYBEE, Circuit Judges.

MEMORANDUM ***

John Roman conditionally pled guilty to possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Roman appeals the district court's denial of his motion to suppress, arguing that the search of his backpack was not justified as a search incident to arrest.

Even if the search was not a proper search incident to arrest, it is not clear how that would require reversal. The magistrate judge, whose findings the district court affirmed, not only held that the search was a valid search incident to arrest, but also (contrary to Roman's representation to this court) explicitly found that Roman voluntarily consented to the search of his backpack. Roman does not contest the latter finding on appeal and it alone supports the legality of the search. *See, e.g., Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 222, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *United States v. Lindsey*, 877 F.2d 777, 783 (9th Cir.1989) (a person in custody is capable of giving valid consent to search).

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

In any event, the search was legitimate as a search incident to arrest. Roman argues that the search was not justified by a need to protect officer safety or to preserve evidence, the rationales articulated in *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). However, the test in this circuit for evaluating the propriety of a search incident to arrest is simply: "(1) was the item to be searched within the arrestee's custody and control; and (2) did the events following the arrest make the search unreasonable." *United States v. Tarazon*, 989 F.2d 1045, 1051 (9th Cir.1993).

As to the first prong, Roman does not contend that the backpack was outside his custody and control at the time of his arrest. Instead, he argues that it was within his control only because the officer recommended that he bring it with him. However, Roman has offered no authority for the proposition that in assessing the validity of a search incident to arrest, courts must consider how the objects within the arrestee's immediate control came to be there. Even if there were such authority, there is no evidence in this case that the officer had illegitimate motives for the request, that the officer compelled Roman to bring the backpack with him, or that Roman was not free to refuse to bring the backpack along if he had wished to refuse.

Regarding the second prong, Roman argues that the fact that he was handcuffed and had no access to the backpack at the time of the search obviated the need for the search. However, this court has upheld a search incident to arrest even after the arrestee had been handcuffed and removed from the scene, on the basis that the search "occurred during a continuous series of events closely connected in time to the arrest." *United States v. McLaughlin*, 170 F.3d 889, 891 (9th Cir.1999); *see also United States v. Turner*, 926 F.2d 883, 887–88 (9th Cir.1991).

**AFFIRMED.**