**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 13 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10511 |
| Plaintiff - Appellee, | D.C. No. 1:08-CR-00027-OWW |
| v. | |
| RONALD JOHNSON, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Argued and Submitted November 5, 2009
San Francisco, California

Before: HAWKINS and THOMAS, Circuit Judges, and TRAGER, [**] District Judge.

Ronald Johnson ("Johnson") appeals his felon in possession conviction, arguing

error in the failure to suppress a revolver and rifle seized in a warrantless post-arrest

search of his home. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Warrantless searches incident to a lawful arrest are permitted under the Fourth Amendment for the purpose of finding weapons the arrestee might use or evidence the arrestee might conceal or destroy. *See Chimel v. California*, 395 U.S. 752, 762-63 (1969). Where there is probable cause to arrest a suspect, agents may search both the suspect and "the area into which an arrestee might reach in order to grab a weapon or evidentiary item[]," *id*. at 763, as long as the search of the container occurs at "about the same time as the arrest." *United States v. Andersson*, 813 F.2d 1450, 1456 (9th Cir. 1987).

Neither party contests that this was a lawful arrest supported by valid probable cause. A box containing the handgun was "well within [Johnson's] reach, and thus constituted a potential danger to the arresting officers." *United States v. Hudson*, 100 F.3d 1409, 1419-20 (9th Cir. 1996). While it is unclear whether he remained in the room after he was handcuffed and the box was opened, Johnson's presence in the room is not required to render the search valid. *See United States v. Turner*, 926 F.2d 883, 887-88 (9th Cir. 1990) (search incident to lawful arrest where handcuffed defendant taken into another room).

The search occurred at about the same time as the arrest, as the box was opened a mere fifteen seconds after the officer handcuffed Johnson. *See id.* at 888 (citing *United States v. Fleming*, 677 F.2d 602, 607 (7th Cir. 1982) (search five minutes after

2

the arrest and while arrestee was handcuffed)). Thus, the handgun was discovered during a valid search incident to arrest and the district court properly denied Johnson's motion to suppress it.

The district court denied the motion to suppress the rifle on the ground that the search was justified by the doctrine of emergency. "[T]he police may seize any evidence that is in plain view during the course of their legitimate emergency activities." *Mincey v. Arizona*, 437 U.S. 385, 393 (1978). Emergencies include "[t]he need to protect or preserve life or avoid serious injury," *United States v. Snipe*, 515 F.3d 947, 950 (9th Cir. 2008), "indication that evidence would be lost, destroyed, or removed during the time required to obtain a search warrant," or "that a search warrant could not easily and conveniently have been obtained." *Mincey*, 437 U.S. at 394.

A search is permissible under the emergency doctrine if: "(1) considering the totality of the circumstances, law enforcement had an objectively reasonable basis for concluding that there was an immediate need to protect others or themselves from serious harm; and (2) the search's scope and manner were reasonable to meet the need." *Snipe*, 515 F.3d at 952.

Here, while initially, there appeared to be an emergency situation (protecting Johnson's daughter from harm), the situation ended once the daughter was found. By taking the daughter back into the house for a requested tour, on which he found the

3

rifles, Officer Gonzales was not acting within the confines of an emergency situation. The exigency of Gonzales's search was complete once he found the daughter and brought her outside the home to a place of safety. Under these circumstances, the rifle should have been suppressed.

However, any error in denying Johnson's motion to suppress the rifle was harmless as it did not affect the outcome of the trial. The defendant was charged with a single count of felon in possession; to convict, the government was required only to prove possession of one of the two firearms. 18 U.S.C. § 922(g)(1). The jury found the defendant guilty of possession, independently, of each the rifle and the revolver. The revolver was properly admitted and alone supports Johnson's conviction, therefore rendering any error in denying suppression of the rifle harmless. *See Turner*, 926 F.2d at 888 (conviction was supported by evidence involving four other firearms and statute required possession of only one firearm).

**AFFIRMED.**