**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 7 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-55003 |
| Plaintiff-Appellee, | D.C. Nos. 3:14-cv-00082-W |
| v. | 3:09-cr-01250 |
| PATRICK JONES, | MEMORANDUM [*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Argued and Submitted March 8, 2017
Pasadena, California

Before: REINHARDT, TASHIMA, and NGUYEN, Circuit Judges.

Patrick Jones was convicted following a jury trial of sexual exploitation of a

child in violation of 18 U.S.C. § 2251(a) and sex trafficking of children in violation

of 18 U.S.C. § 1591(a). Jones now appeals the district court's denial of his habeas

petition under 28 U.S.C. § 2255.[1] We have jurisdiction under 28 U.S.C. § 2253,

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[1] We granted Jones' request for a certificate of appealability on the issue of
"whether trial counsel was ineffective for failing to file a motion to suppress." We

and we affirm.

**1.** Jones argues that his trial counsel was ineffective for failing to move to suppress evidence on the ground that the warrantless entry into his motel room was unconstitutional. Under *Strickland v. Washington*, Jones must show that counsel's performance was deficient and that prejudice resulted from the deficiency. 466 U.S. 668, 687 (1984). Where counsel's alleged ineffectiveness came from his failure to litigate a Fourth Amendment issue, Jones "must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

Because we conclude that the warrantless entry was justified by exigent circumstances, Jones' challenge fails. *See United States v. Struckman*, 603 F.3d 731, 739 (9th Cir. 2010) (requiring the government to show both probable cause to search the location and exigent circumstances to justify the intrusion). The officers here had sufficient probable cause to enter the room. The minor victim, who was distraught and crying, reported that she had just escaped from the motel room with several adults who had forced her to pose for nude photographs that they intended to use to sell her into prostitution. The victim reported that she was punched twice

---

deny the motion to expand the certificate of appealability. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104–05 (9th Cir. 1999).

by one of the adults when she was crying.  The officers responded to the motel, where they were able to corroborate with the clerk some details about the perpetrators and their car, and, as the victim reported, the door to the room was slightly ajar.  These circumstances are sufficient to establish probable cause to believe that a crime had been committed in the motel room.  The officers also had exigent circumstances to justify immediate entry.  The victim reported that there was a small child still in the room, and while the officers could see feet on the bed, they could not see any of the defendants' heads or hands.  Thus, the officers were reasonably concerned for the child's safety as well as possible destruction of electronic evidence.

2.  Jones argues that his trial counsel's performance was constitutionally deficient because he failed to move to suppress the search of Jones' cell phone.  He relies heavily on *Riley v. California*, 134 S. Ct. 2473, 2485 (2014), which held that the search incident to arrest doctrine does not permit warrantless searches of the contents of cellular phones.  On habeas, however, Jones must prove that his motion to suppress would have been meritorious *at the time of his trial*, which significantly pre-dates *Riley*.  *See Belmontes v. Brown*, 414 F.3d 1094, 1121 (9th Cir. 2005) (stating that under *Strickland*, "counsel's performance is evaluated from counsel's perspective at the time of the alleged error") *rev'd on other grounds*, *Ayers v. Belmontes*, 549 U.S. 7 (2006).  Jones' argument that pre-*Riley* case law

3

already established the illegality of the search such that counsel's failure to move to suppress would be constitutionally deficient is unconvincing.

Jones next argues, without a supporting record citation, that a search incident to arrest is invalid if the search took place prior to his arrest. This argument fails because the case law does not mandate a strict sequence of events. *See United States v. Turner*, 926 F.2d 883, 887 (9th Cir. 1991) ("[A] search incident to arrest must be conducted at about the same time as the arrest." (internal quotation marks omitted)). Therefore, whether the search occurred shortly prior to or shortly after the arrest is not determinative of its legality.

Finally, Jones argues that the search was not incident to arrest because his cell phone was no longer within his immediate area of control. *See Arizona v. Gant*, 556 U.S. 332, 343 (2009); *United States v. Cook*, 808 F.3d 1195, 1199 (9th Cir. 2015). There is no evidence in the record as to Jones' location when the search was conducted, but we nonetheless see no need to remand for further factual development for two reasons. First, even assuming the search of Jones' cell phone was not valid incident to arrest, the nude photographs of the victim still would have been admitted at trial under the independent source doctrine because the officers in no way relied on the earlier search in later obtaining a warrant to search the phone. *See Murray v. United States*, 487 U.S. 533, 535 (1988). The warrant therefore was an independent source that would have supported the introduction of the

4

photographs at trial.

Second, Jones cannot show a reasonable probability that the verdict would have been different even had the photographs been excluded. The evidence against him was overwhelming, including his own testimony that he committed the crime and the detailed testimony of his accomplice, Shawndrea Dorrough. At trial, Jones admitted the alleged conduct and chose to rely on the affirmative defense that he was reasonably mistaken as to the victim's age. Therefore, he fails to establish a reasonable probability that, had the jury not seen the photographs, it would have found, pursuant to the jury instructions, "by clear and convincing evidence that [Jones] did not know, and could not reasonably have learned that the child was under 18 years of age."

**AFFIRMED.**

FILED

JUN 7 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*United States v. Jones*, No. 15-55003

REINHARDT, Circuit Judge, dissenting:

I would remand Jones's case for an evidentiary hearing. A petitioner seeking relief under 28 U.S.C. § 2255 is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003). Here, the district court rejected Jones's request for an evidentiary hearing and "decide[d] the matter on the papers submitted and without oral argument." Moreover, no record pertaining to the Fourth Amendment issue was developed at trial because Jones's lawyer never moved to suppress the evidence obtained in the search – exactly what Jones contends constitutes ineffective assistance of counsel. In its current form, the record does not provide a sufficient basis on which to determine whether the search violated the Fourth Amendment.