131 F.3d 148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clifford Jay BALLAM, Defendant-Appellant.
 No. 96-10544.
 United States Court of Appeals, Ninth Circuit.
 Submitted oct. 9, 1997.*
Decided Oct. 22, 1997.
 
 Appeal from the United States District Court for the District of Nevada, No. CR-93-00028-DWH; David Warner Hagen, District Judge, Presiding.
 Before: HUG, Chief Judge, WALLACE and HALL, Circuit Judges.
 
 MEMORANDUM
 
 1
 Ballam appeals from the district court's denial of his motion to dismiss based on the Sixth Amendment and Speedy Trial Act, after our remand for further factfinding on these issues. Ballam also contests two related sentencing decisions. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. Ballam timely appealed from a final judgment, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 2
 * Ballam argues that the district court erroneously applied the Barker Sixth Amendment analysis. Barker v. Wingo, 407 U.S. 514, 530 (1972) (Barker ).
 
 
 3
 We review denials of Sixth Amendment claims de novo, but only review findings of fact for clear error. United States v. Beamon, 992 F.2d 1009, 1012 (9th Cir.1993) (Beamon ).
 
 
 4
 We have previously held that the 13-month delay here was "presumptively prejudicial" and thus passed Barker's first threshold. We remanded for factfinding on the other requirements. United States v. Ballam, No. 94-10541 (9th Cir. Dec. 1, 1995, as amended Feb. 5, 1996) (unpublished).
 
 
 5
 With respect to the second factor, fault for delay, the district court found that Ballam was to blame for 3 1/2 months of the delay, during which time he was diligently pursued by the government. "Neither the government nor Ballam appears significantly more to blame for the remainder of the delay." This finding is not clearly erroneous. The government reasonably believed that it could not pursue a writ of habeas corpus ad prosequendum during the 7 months and 14 days Ballam was in state custody without activating the anti-shuttling provisions of the Interstate Agreement on Detainers, 18 U.S.C.App. 2. §§ 1-9. But even if we do not accept the finding of the district court, and even if the government was negligent, as Ballam asserts, it would only be for allowing 2 months and 2 days to elapse before becoming aware that Ballam's state prosecution had ended. Even if this is negligent, which we need not reach, it still would not change the overall balance significantly. See Barker, 407 U.S. at 531 ("A deliberate attempt to delay the trial in order to hamper the defense should be weighed heavily against the government. A more neutral reason such as negligence ... should be weighted less heavily.").
 
 
 6
 Ballam and the government disagree as to whether Ballam invoked the right to a speedy trial, the third Barker inquiry. Id. at 330. The district court found he did not--he only sought a disposition of his charges, not a trial. But even if Ballam did request a speedy trial, this factor still does not significantly affect the outcome in this case. "[W]hile an improper or untimely assertion of speedy trial rights may weigh in favor of rejecting a defendant's motion to dismiss for violation of these rights, the mere fact of proper, timely assertion does not warrant dismissal." United States v. Turner, 926 F.2d 883, 889 (9th Cir.1991) (Turner ).
 
 
 7
 The fourth inquiry requires that we consider demonstrable prejudice from the delay. Beamon, 992 F.2d at 1013-14. Although a 13-month delay is "presumptively prejudicial," we must still consider "as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." Doggett v. United States, 505 U.S. 647, 652 (1992). A 13-month delay is barely beyond the "minimum needed to trigger judicial examination of the claim." See id. at 652 & n. 1. This weighs against a finding of prejudice. Id. at 652.
 
 
 8
 "[W]e must consider the amount of delay in relation to particularized prejudice." Beamon, 992 F.2d at 1014. The district court found none of the traditional forms of prejudice: "oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the accused's defense will be impaired." Id. Ballam does not contest these findings, which do not appear to be clearly erroneous. Indeed, Ballam cannot argue that his defense would be impaired, because, as his counsel conceded, he never intended to go to trial. In December 1993 and January 1994, less than a year from Ballam's indictment and within 2 to 3 months after Hill was appointed Ballam's counsel, the assistant U.S. attorney sent discovery materials and a proposed plea bargain to Ballam's attorney.
 
 
 9
 Ballam contends that the district court overlooked the prejudice of the enhanced sentence from the delay of the federal sentencing until after state sentencing. This kind of enhancement is not prejudicial under Sixth Amendment analysis. United States v. Sparks, 87 F.3d 276, 279 (9th Cir.1996); Turner, 926 F.2d at 889.
 
 
 10
 Reviewed de novo, Ballam's Sixth Amendment speedy trial claim fails. A 13-month delay, 3 1/2/ months of which were caused by Ballam, together with no actual prejudice to Ballam, is not enough to cause dismissal. We have not dismissed the more grievous case of a 17-to-20-month delay caused by the government's negligence when there was also no showing of actual prejudice. Beamon, 992 F.2d at 1014.
 
 II
 
 11
 Ballam next argues that his state arrest on February 20, 1993, rather than his federal arrest on May 13, 1994, should trigger the timing provisions of the Speedy Trial Act because the state arrest was a collusive attempt by the federal authorities to avoid the Speedy Trial Act. See United States v. Benitez, 34 F.3d 1489, 1494 (9th Cir.1994), cert. denied, 513 U.S. 1197 (1995). "We review factual findings concerning the Speedy Trial Act for clear error and questions of law regarding its interpretation de novo." Id. at 1493.
 
 
 12
 Ballam's argument contradicts the facts found by the district court, which were not clearly erroneous. Although a Drug Enforcement Agency agent observed the arrest by state officers, the federal investigation and prosecution were only initiated a few weeks later, by an agent of the Bureau of Alcohol, Tobacco, and Firearms. The district court correctly found that there is no evidence of collusion to avoid the requirements of the Speedy Trial Act.
 
 III
 
 13
 Ballam also argues that the district court erred in assessing two criminal history points against him based on his state court conviction. We review de novo the district court's interpretation and application of the Sentencing Guidelines. United States v. Shrestha, 86 F.3d 935, 938 (9th Cir.1996).
 
 
 14
 Neither the fact that Ballam was a fugitive from federal charges when he committed the state offense nor the fact that he was initially arrested pursuant to a federal warrant before he was prosecuted for a state law offense make the conduct underlying the state conviction "relevant conduct to the instant offense." U.S.S.G. § 4A1.2 comment n. 1. See United States v. Buchanan, 59 F.3d 914, 918 (9th Cir.), cert. denied, 116 S.Ct. 430 (1995); United States v. Garcia, 909 F.2d 389, 392 (9th Cir.1990). The state offense was possession of methamphetamines on July 28, 1993; the federal offense was the use of firearm in a drug transaction on February 20, 1993. The state sentence was not "a sentence for conduct that is part of the instant offense." U.S.S.G. § 4A1.2 comment n. 1.
 
 IV
 
 15
 Ballam's final argument: is that the district court twice erroneously held that it lacked authority to depart downward in sentencing. We review sentencing departure decisions under an abuse of discretion standard. Koon v. United States, 116 S.Ct. 2035, 2047 (1996) (Koon ).
 
 
 16
 Ballam first argues that the district court erroneously held that it could not depart downward and allow him the extra point for acceptance of responsibility under section 3E1.1, even though he did not meet its requirements, pursuant to its discretionary authority under section 5K2.0. See U.S.S.G. §§ 3E1.1, 5K2.0.
 
 
 17
 The district court, however, not only held that Ballam did not meet the requirements for the additional decrease but also decided that it would not award the extra point even if it could. The district court did not just determine "whether a factor is a permissible basis for departure under any circumstances," but looked at the specific facts of this case. Koon, 116 S.Ct. at 2047. It did not abuse its discretion in determining, in essence, that the facts of this case were not "unusual enough for it to fall outside the heartland of cases in the Guideline." Id. at 2046.
 
 
 18
 Ballam also wanted the district court to depart downward, pursuant to its discretion from section 5K2.0, by analogy to section 5G1.3, which permits a defendant to serve concurrent sentences with an "undischarged term of imprisonment" which "resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense." U.S.S.G. § 5G1.3(b); see also U.S.S.G. § 5K2.0.
 
 
 19
 Again, Ballam asserts that the district court "felt it had no legal authority to depart." The district court, however, did not abuse its discretion in determining, in essence, that the facts of this case were not "unusual enough for it to fall outside the heartland of cases in the Guideline." Koon, 116 S.Ct. at 2046. Section 5G1.3 specifically refers to "an undischarged term of imprisonment."
 
 
 20
 Ballam wants to piggyback this issue on his speedy trial claims and argue that the district court should have given him credit for time served on the state offense by taking into account the prejudice caused by the delay of the federal trial. Because there was no prejudice in the trial delay, there can be no abuse of discretion.
 
 
 21
 AFFIRMED.
 
 
 22
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4