15 F.3d 1089
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Florence SOMAVIA; Foremost Insurance Company Plaintiffs-Appellants,
v.
LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political
subdivision of the State of Nevada Police
Officers; Rod Jett, Sgt. Officer;
Margell, Officer; Salinas,
Officer, Defendants-Appellees.
 No. 93-15682.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 8, 1993.*
Decided Jan. 28, 1994.
 
 Before: CHOY, GOODWIN, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Florence Somavia appeals the decision of the district court granting the defendants' motion for summary judgment on her Sec. 1983 claim. Somavia's alleged Sec. 1983 claim arises out of the search of her fifth-wheel trailer as part of the execution of a warrant upon an address occupied by Ronald Maske. The trailer was situated on the property at that address. The district court found that summary judgment was warranted as to Police Sgt. Rod Jett and Police Officers Margell and Salinas (hereinafter collectively referred to as "the officers") based on qualified immunity, and that summary judgment should be granted as to the Las Vegas Metropolitan Police Department (LVMPD) based on a failure to show a policy or custom that caused a violation of Somavia's rights under the Constitution or federal law. We affirm.
 
 
 3
 Somavia's first contention is that the district court erred in finding that the individual officers were entitled to qualified immunity for their conduct. We review the district court's finding regarding qualified immunity de novo. Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993). "When a law enforcement officer asserts qualified immunity from liability for civil rights violations, the district court must determine whether, in light of clearly established principles governing the conduct in question, the officer could have reasonably believed that his conduct was lawful." Id. at 300-01. Moreover, qualified immunity is immunity from suit, not merely a defense to liability, and should be resolved at the earliest possible stage in the litigation. Hunter v. Bryant, 112 S.Ct. 534, 536 (1991) (per curiam).
 
 
 4
 Somavia's first contention is that the search was illegal, and the officers reasonably should have known the search was illegal. The district court did not err in concluding that a reasonable officer reading the warrant in this case would not have known that searching Somavia's trailer was illegal. Even if the officers in this case were mistaken in believing the search of the trailer was legal, they would still be entitled to immunity if their mistake was reasonable in light of clearly established law and the circumstances. Id. In the case at bar, while it is uncertain whether the search of the trailer went beyond the scope of the warrant, it is clear that an officer under the circumstances would have been reasonable in concluding that an entry of the trailer was not only legal, but necessary to ensure the safety of both officers and civilians.
 
 
 5
 The warrant itself not only describes the single story dwelling which was the main house upon the Meranto property, but the warrant also describes the entire property upon which the trailer was located, describing the cinder wall that surrounds three sides of the property. Under case law in this circuit, "a warrant is valid when it authorizes the search of a street address with several dwellings if the defendants are in control of the whole premises, if the dwellings are occupied in common, of if the entire property is suspect." United States v. Alexander, 761 F.2d 1294, 1301 (9th Cir.1985). It would not be unreasonable for an officer under the circumstances to conclude that the warrant covered the entire property, including the trailer.
 
 
 6
 In addition, the defendants were reasonable in concluding that entry into the trailer was necessary in order to conduct a protective sweep subsequent to the arrest of Ronald Maske. "When officers have arrested a person inside his residence, the exigent circumstance exception permits a protective sweep of part or all of the residence when officers reasonably believe that there might be other persons on the premises who could pose some danger to them." United States v. Gardner, 627 F.2d 906, 909-10 (9th Cir.1980). In the case at bar, the officers had information regarding the presence of an "enforcer" who was armed and dangerous living on the property, possibly in the fifth-wheel trailer. In order to insure the safety of those officers who served the warrant on the main house, the officers concluded that they needed to secure the trailer.[1] This conclusion was reasonable under the circumstances.
 
 
 7
 Somavia also claims that the officers were not entitled to qualified immunity based on the assertion that they violated the "knock and announce" rule of 18 U.S.C. Sec. 3109. However, the officers have produced testimony of Officer Salinas that he and the other officers yelled "police" before entering the trailer. In addition, Agent Torres, who was situated outside the property, testified that he heard the officers shout "police" before they blew off the lock on the trailer. The only evidence Somavia has come forth with to contradict this is that the first thing she heard was the shots of a rifle, not the announcement by the police. However, she admits to hearing yelling and screaming after the lock was shot off, but before the police entered her trailer. "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The defendant officers have met their burden of showing that there is no issue of fact as to whether the officers announced themselves, via the testimony of Salinas and Torres. Somavia's claims that she heard nothing but yelling and screaming produces no more than a "metaphysical doubt" that no announcement was made. Therefore, she has not met her burden of showing there is a material issue of fact as to whether the announcement was made.
 
 
 8
 Moreover, even if we accept Somavia's assertion that the officers did not knock and announce before entering the trailer, the district court still did not err in granting summary judgment as to qualified immunity on these grounds. The officers' actions would still be reasonable under the exigent circumstances exception to the knock and announce requirement. United States v. Turner, 926 F.2d 883, 886 (9th Cir.), cert. denied, 112 S.Ct. 103 (1991). "A police officer's 'reasonable belief that announcement might place him or his associates in physical peril ... constitutes exigent circumstances that justify noncompliance with the announcement provisions of the statute.' " United States v. Ramirez, 770 F.2d 1458, 1460 (9th Cir.1985) (quoting United States v. Manfredi, 722 F.2d 519, 524 (9th Cir.1983). The officers' belief in the presence of an armed "enforcer", along with the fact that a trailer's walls are exceptionally thin and easy to shoot through provide a reasonable basis for the belief that exigent circumstances existed to excuse compliance with the "knock and announce" rule.[2]
 
 
 9
 Finally, Somavia asserts that the officers should not be granted qualified immunity because they used excessive force. In her brief, Somavia cites numerous actions by officers which, upon the evidence presented, cannot possibly be attributed to the defendant police officers in this case.[3] The officers have presented credible corroborated evidence that their SWAT unit was present on the scene of the subject property for only approximately five to seven minutes, only a fraction of which, twelve to fifteen seconds, was spent securing Somavia's trailer. Thereafter, officers of the Bureau of Alcohol, Tobacco and Firearms, and of the Drug Enforcement Agency took over the search. Somavia has not presented any evidence contradicting this assertion. Therefore, we consider only the actions taken to secure the trailer in determining whether excessive force was used.
 
 
 10
 Evaluation of an excessive force claim is done under the reasonableness standard of the Fourth Amendment. Graham v. Connor, 490 U.S. 386, 395 (1989).
 
 
 11
 The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.... With respect to a claim of excessive force, the same standard of reasonableness at the moment applies: "Not every push or shove, even if it may later seem unnecessary in the peace of the judge's chambers," Johnson v. Glick, 481 F.2d at 1033, violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation.
 
 
 12
 Id. at 396-97. Even viewed in the light most favorable to Somavia, the force used by the officers in securing the fifth-wheel trailer was not unreasonable, considering the possibility of an armed "enforcer" within the trailer. It was reasonably necessary for Officer Salinas do whatever was necessary to reach the back of the trailer in order to secure it, which involved moving Somavia out of his way. While it is unfortunate that Somavia was knocked down, and even possibly stepped on, this does not rise to the level of an unreasonable use of force under the circumstances.
 
 
 13
 Somavia also appeals the district court's grant of summary judgment finding that Somavia had failed to produce evidence to substantiate a Sec. 1983 claim against the LVMPD. The only evidence Somavia has produced to substantiate her claim that the officer's action were caused by a custom or practice of the LVMPD is a list of lawsuits against LVMPD, which she alleges contain similar factual scenarios. We agree with the district court that a mere recital of case names, with no citations or facts to show that these cases support her claim fails to meet her burden of putting forth evidence to defeat the summary judgment motion. She now asserts that the district court erred in granting summary judgment on this basis, and instead should have requested her to provide a procedural and factual summary of the cases cited if they found the mere recitation of the case names insufficient. However, the burden was on Somavia to set forth the facts sufficient to establish that there is a genuine issue for trial, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986), not on the court to instruct her as to how to meet that burden. "A summary judgement motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). The bare recitation of the names of cases constitutes a mere allegation, not factual data. Therefore, the district court did not err in granting summary judgment.
 
 
 14
 We deny appellee's request for attorney's fees under 42 U.S.C. Sec. 1988, as we do not find that Somavia's 1983 claim was "frivolous, vexatious, or brought to harass or embarrass" the defendants. Benigni v. City of Hemet, 879 F.2d 473, 480 (9th Cir.1988).
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The fact that no enforcer was found in the trailer does not weaken the reasonableness of the officers' conclusion that they needed to secure it for their own and other civilian's protection. "Courts must be careful not to use hindsight in limiting the ability of police officers to protect themselves as they carry out missions which routinely incorporate danger." United States v. Coates, 495 F.2d 160, 165 (D.C.Cir.1974) (quoted in United States v. Castillo, 866 F.2d 1071, 1079 (9th Cir.1988))
 
 
 [2]
 In fact it was testified that one of the members of the Las Vegas Metropolitan Police Department had been shot through a trailer wall while effecting a similar entry into a trailer
 
 
 [3]
 For instance, she asserts that she was handcuffed for over two hours with a gun pointed at her, not allowed to dress or wear her back brace, and struck on the hand when she attempted to get her back brace