| | |
|---|---|
| 76.9 | |
| −23.1 | 30% marketability discount |
| | (30% × 76.9) |
| 53.8% | |
| 100% − | 53.8% = 46.2% combined discount |

---

**Tino SORCHINI, Plaintiff–Appellant,**

v.

**CITY OF COVINA, Defendant–Appellee.**

No. 99–56257.

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 2001*

Filed May 4, 2001

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Robert Mann, Los Angeles, California, and Donald W. Cook, Los Angeles, California, for the plaintiff-appellant.

Cindy S. Lee, Franscell, Strickland, Roberts & Lawrence, Pasadena, California, for the defendant-appellee.

Before: KOZINSKI and TALLMAN, Circuit Judges, and ZAPATA, District Judge.**

PER CURIAM Opinion; Dissent by Judge TALLMAN.

** The Honorable Frank R. Zapata, United States District Judge for the District of Arizona, sitting by designation.

PER CURIAM.

We consider the circumstances under which an unpublished disposition may be cited for the purpose of providing notice under Ninth Circuit Rule 36–3(b).

**1.** Tino Sorchini fled from police after unsuccessfully attempting to steal a car. A police dog discovered him beneath a parked truck and bit him. After his arrest, Sorchini sued the City of Covina for using excessive force in violation of the Fourth Amendment. The jury did not agree and, on appeal, Sorchini argues that the district court should have given an instruction that the police must warn a suspect before sending a dog to fetch him. We consider that question in a memorandum disposition filed concurrently with this opinion.

In the City of Covina's answering brief, counsel argued that such an instruction was not required because neither the U.S. Supreme Court nor our court had ever held that police must give a warning before applying non-deadly force against a suspect. In support, she cited *Kish v. City of Santa Monica*, No. 98–56297, 2000 WL 377771 (9th Cir. Apr. 13, 2000), which she acknowledged to be an unpublished disposition. *Kish* held that "no past decision by this court or the Supreme Court can be read for the rather broad proposition that the police should give a warning before force is used against a person." *Id.* at *1 (internal quotation marks omitted). Because Ninth Circuit Rule 36–3 prohibits the citation of unpublished dispositions in almost all circumstances, we issued an order to show cause why sanctions should not be imposed for counsel's violation of our rule. In her response, counsel explains that she believed the citation was permissible for the purpose of notice pursuant to Ninth Circuit Rule 36–3(b)(ii).

 [1] **2.** Ninth Circuit Rule 36–3(b)(ii) permits the citation of unpublished dispositions "for *factual* purposes, such as to show double jeopardy, sanctionable conduct, notice, entitlement to attorneys' fees, or the existence of a related case." *Id.* (emphasis added). As the wording clearly indicates, this exception permits the citation to an unpublished disposition where the very existence of the prior case is relevant as a *factual* matter to the case being briefed. As the list of examples suggests, the factual purposes falling within this exception will almost always involve one or both of the parties to the pending case. A prior disposition might show that the current defendant had been prosecuted for the same crime, or that a prior suit had put the defendant on notice of unsafe conditions on his property.

 The rule does not permit the citation of an unpublished disposition for the purpose of providing "notice" to the court of the existence or absence of legal precedent. If precedent were a "fact" for purposes of the exception, then the exception would swallow up the rule. It would permit an argument such as this: "I am not citing this unpublished disposition as precedent, but only to inform the court of the fact that a prior panel held precisely what I would like the court to hold in my case." Obviously, this is not what the exception was meant to permit.

 Whether or not Sorchini was entitled to the instruction he had requested depends on the state of our caselaw, namely whether it was clearly established that police were required to give a warning before releasing a dog. *See Act Up!/Portland v. Bagley*, 988 F.2d 868, 871 (9th Cir.1993). To determine whether the law was clear, we must examine the relevant precedents. Because *Kish* is not precedent, neither *Kish*'s holding, nor *Kish*'s observations about the state of the law, have any bearing on this inquiry. The

only way *Kish* could help counsel's argument is prohibited by Ninth Circuit Rule 36–3—by persuading us to rule in the City's favor because an earlier panel of our court had ruled the same way. Unpublished dispositions are neither persuasive nor controlling authority, and the limited exceptions to the noncitation rule contained in section (b) are not intended to change that.

■ 3. Counsel represents that she violated the rule because she misunderstood the scope of the exception, and we accept that representation. Then again, we may bear part of the responsibility by issuing unpublished dispositions that violate General Order 4.3.a,[1] and so tempt lawyers to cite them as precedent.[2] We therefore decline to impose sanctions. We publish this opinion to avoid such misunderstandings by counsel in future cases.

The Order to Show Cause is **DISCHARGED.**

RICHARD C. TALLMAN, Circuit Judge, Dissenting:

I respectfully dissent.

---

1. *See* General Order 4.3.a ("Because the parties and the district court are aware of the facts, procedural events and applicable law underlying the dispute, the disposition need recite only such information crucial to the result.")

2. This excuse is valid only in this case. *See Bush v. Gore*, 531 U.S. 98, 121 S.Ct. 525, 148 L.Ed.2d 388 (2000).