Jose Mendoza SILVA, Petitioner–
Appellant,

v.

Tana WOOD, Respondent–Appellee.

No. 97–35713.

D.C. No. CV–96–593–FVS.

United States Court of Appeals,
Ninth Circuit.

Argued March 9, 1999.

Submitted Nov. 13, 2000.

Decided June 29, 2001.

Before B. FLETCHER, REINHARDT,
and THOMAS, Circuit Judges.

## ORDER

It is ORDERED that this case be resubmitted as of November 13, 2000.

## MEMORANDUM *

Defendant–Appellant Jose Mendoza Silva contends that, under *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), he is not procedurally barred from seeking relief from his counsel's ineffective assistance in failing to appeal his conviction for the murder of Annette George. This appeal requires us to make no new law, but simply to determine whether the facts of the case warrant our granting Silva the relief he seeks. We hold that they do. The facts and prior proceedings are known to the parties and are not restated herein except as necessary. *See* Ninth Circuit General Order 4.3.a.[1]

## I. PROCEDURAL BAR

█ Silva maintains that his ineffective-assistance-of-counsel claim is not procedurally barred because his claim of actual innocence is sufficient to bring him within the "narrow class of cases ... implicating a fundamental miscarriage of justice." *Schlup*, 513 U.S. at 315, 115 S.Ct. 851 (citation omitted). This "procedural claim of innocence," *Paradis v. Arave*, 130 F.3d 385, 396 (9th Cir.1997), "permit[s] a habeas petitioner to have considered on the merits claims of constitutional error that would otherwise be procedurally barred." *Carriger v. Stewart*, 132 F.3d 463, 477 (9th Cir.1997). To prevail on his *Schlup* claim, Silva must show, in light of all the evidence, that "it is more likely than not that

no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327, 115 S.Ct. 851. In determining whether a petitioner has made that showing, the court is to consider "all the evidence, including ... evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Id.* at 328, 115 S.Ct. 851. We review the district court's dismissal of a procedural claim of innocence for abuse of discretion. *Paradis*, 130 F.3d at 396.

Silva was convicted of murdering Annette George on the night of December 9–10, 1987. At trial, the government's case rested on the evidence of three witnesses who were members of the same family and who lived together. Most damaging, the three testified that Silva told them that he had committed the crime on the very evening it occurred. The testimony of these witnesses, when considered in light of all the facts including those not presented at trial, is directly contradicted both by the physical evidence surrounding George's death, the police reports, and affidavit testimony of disinterested witnesses.

Police assessments of the time of George's death and eye-witness accounts which were not presented at trial demonstrated that George had not yet been killed at the time Silva supposedly confessed the crime to the witnesses who testified against him. Moreover, it is apparent that the testimony of the three witnesses is perjurious in at least some respects. Had the jury been presented with "all the evidence," *Schlup*, 513 U.S. at 328, 115 S.Ct. 851, it is more likely than not that no reasonable juror would have found Silva guilty beyond a reasonable doubt.[2] The

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Indeed, we have recently warned against memorandum dispositions that, by providing too much factual detail, violate General Order 4.3.a. *See Sorchini v. City of Covina,* 250 F.3d 706 (9th Cir.2001).

2. While this case may have presented a number of novel issues, they were not raised by either side at the district court level or on appeal. In justifying the gateway-innocence standard, the Supreme Court in *Schlup* held

district court erroneously failed to evaluate properly all the evidence, both old and new, relied on by Silva, and in so doing "abused its discretion in finding that the new evidence has no import on previous evaluations of the totality of [the circumstances]." *Paradis*, 130 F.3d at 396. Accordingly, we hold that the district court abused its discretion in finding *Schlup* inapplicable and dismissing the petition, and conclude that the totality of the evidence before that court was sufficient to establish a gateway showing of innocence.

## II. THE MERITS

Silva contends that his counsel provided ineffective assistance by failing to file an appeal. To prevail on this claim, Silva must show both that his counsel's representation fell below an objective standard of reasonableness and that counsel's defective performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

 If counsel fails to consult with the defendant and to file an appeal, such failure is objectively unreasonable if "there is reason to think either (1) that a rational defendant would want to appeal . . ., or (2) that th[e] particular defendant reasonably demonstrated to counsel that he was interested in appealing. . . . [A] highly relevant factor in this inquiry [is] whether the conviction follows trial or a guilty plea." *Roe v. Flores–Ortega*, 528 U.S. 470, 480, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). In this case, of course, the conviction followed

trial. Silva's attorney did not consult with him after the sentencing hearing. Silva did, however, reasonably demonstrate to counsel that he was interested in appealing his conviction. Silva maintained his claim of innocence throughout trial. A rational defendant in Silva's circumstances would certainly have wanted to appeal.

 Prejudice is presumed when counsel fails to file an appeal, "which a defendant wanted at the time and to which he had a right,". *Flores–Ortega*, 528 U.S. at 483, 120 S.Ct. 1029. Under these circumstances, *Flores–Ortega* dictates the conclusion that Silva received ineffective assistance of counsel. He is therefore entitled to a fresh appeal of his conviction and sentence in state court.

## CONCLUSION

We conclude that Silva has demonstrated that, in light of the totality of both the old and new evidence, it is more likely than not that no reasonable juror would have convicted him, and thus that our refusal to entertain his habeas petition would result in a "miscarriage of justice." *Schlup*, 513 U.S. at 328, 115 S.Ct. 851. Accordingly, we hold that Silva's habeas petition is not procedurally barred. Furthermore, we hold that, under *Flores–Ortega*, Silva has demonstrated that he would have appealed but for the ineffective assistance of counsel. Accordingly, we REVERSE the district court's denial of Silva's petition for writ of habeas corpus and REMAND with instructions to grant the writ and order

that, because Schlup asserted a constitutional error at trial, his conviction is not entitled to the same degree of respect as one that is the product of an error-free trial. 513 U.S. at 316, 115 S.Ct. 851. Here, the procedurally-barred constitutional defect occurred in connection with Silva's failure to file an appeal, as opposed to an error at trial. However, the parties do not raise this issue on appeal. Moreover, the government does not argue that *Schlup* should not apply in non-capital

cases (although this argument appears foreclosed by *Paradis*, 130 F.3d at 396). Furthermore, the government concedes that Silva has produced "newly presented evidence," *see Schlup* 513 U.S. at 330, 115 S.Ct. 851, in the form of affidavit testimony, and does not contest that the remainder of the material relied on by Silva was in the trial record or in police reports properly considered by the district judge. *Id.* at 328, 115 S.Ct. 851. Accordingly, we do not consider these issues.

Silva's release unless, within a reasonable time to be established by the district court, Silva is permitted to file a notice of appeal of his conviction in state court, and the notice is accepted as timely by the state courts.