**David GILCHRIST, Plaintiff—
Appellant,**

v.

**Kirk V. KARMAN, husband; et
al., Defendants—Appellees.**

No. 02–16609.
D.C. No. CV–00–01561–PGR.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2003.*

Decided June 17, 2003.

Before RYMER, THOMAS, and
SILVERMAN, Circuit Judges.

MEMORANDUM **

David Gilchrist, an attorney, appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that certain representatives of the State Bar of Arizona ("SBA") violated both his constitutional rights and Arizona law by concluding, after an investigation, that he withheld disputed funds from a client and refused to cooperate during the course of an ethics investigation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for lack of subject matter jurisdiction. *Partington v. Gedan,* 961 F.2d 852, 864 (9th Cir.1992). We affirm.

The district court properly dismissed Gilchrist's action under the *Rooker-Feld-man* doctrine because all of his claims were inextricably intertwined with the SBA's decision that he committed ethics violations. *See id.* at 864–65.

The district court did not abuse its discretion by denying Gilchrist's motion to recuse Judge Rosenblatt because adverse rulings alone generally do not support a finding of judicial bias. *See Leslie v. Grupo ICA,* 198 F.3d 1152, 1160–61 (9th Cir. 1999); *see also* 28 U.S.C. § 455(a).

Contrary to Gilchrist's contention, the district court did not violate Ninth Circuit Rule 36–3. *See* 9th Cir. R. 36–3(b)(ii); *see also Sorchini v. City of Covina,* 250 F.3d 706, 708 (9th Cir.2001) (per curiam) (rule "permits the citation to an unpublished disposition where the very existence of the prior case is relevant as a *factual* matter to the case being briefed") (emphasis in original).

Gilchrist's remaining contentions lack merit.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.