**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 7 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUNE B. GREINER,

                Plaintiff-Appellant,

   v.

CAMERON WALL, et al.

                Defendants-Appellees.

No.   16-35926

D.C. No. 3:14-cv-05579-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted October 11, 2018
Seattle, Washington

Before:  N.R. SMITH and CHRISTEN, Circuit Judges, and PAYNE,[**] District
Judge.

     June Greiner appeals the district court's grant of summary judgment on her

claim for a violation of the Fourth Amendment brought under *Bivens v. Six*

*Unknown Named Agents*, 403 U.S. 388 (1971).  Greiner's complaint alleges that

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The Honorable Robert E. Payne, United States District Judge for the
Eastern District of Virginia, sitting by designation.

the defendants—nine Internal Revenue Service Special Agents ("the Agents"), who executed a search warrant at Greiner's home—failed to properly knock and announce their presence, as required by "[t]he Fourth Amendment and 18 U.S.C. § 3109." *United States v. Bynum*, 362 F.3d 574, 579 (9th Cir. 2004). The district court granted the Agents' motion for summary judgment. We vacate and remand for further proceedings.

Absent exigent circumstances, law enforcement officers must knock and announce their presence before entering the premises to be searched. *Wilson v. Arkansas*, 514 U.S. 927, 930 (1995); *United States v. Granville*, 222 F.3d 1214, 1217 (9th Cir. 2000) ("The knock and announce statute requires that an officer seeking to enter a house to execute a warrant must give notice of his purpose and authority, and he must be refused entry before forcibly entering the house."). We review de novo the district court's legal conclusion that the Agents complied with the knock and announce statute, but we review the factual findings underlying the court's conclusion for clear error. *Granville*, 222 F.3d at 1217.

As Greiner's claims were resolved against her on the government's motion for summary judgment, we view the evidence in the light most favorable to Greiner and draw all reasonable inferences in her favor to "determine whether any genuine issues of material fact remain." *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011).

According to Greiner, when the Agents came to her house, she was sitting at her kitchen table about 30 feet from her front door. Greiner heard a loud bang, after which she ran to her front door.[1] Greiner does not dispute that when she approached the front door, she could see several men standing on her front porch; she also does not dispute that she could hear them speaking amongst themselves. Though Greiner does not dispute that she could hear the men speaking, she asserts that they (1) did not audibly identify themselves as law enforcement, and (2) did not announce their purpose at that time. Greiner also testified that, if they had made such an announcement, she would have heard it, given her proximity to the front door. Worried that the men were burglars, Greiner ran back to the kitchen to call 911 when a battering ram went through her front door.[2] Only then did the Agents identify themelves and announce their purpose.

_____

[1] It isn't clear from the record what caused this "loud bang," which Greiner asserts sounded like a rock hitting the side of her house. This uncertainty might ordinarily preclude a grant of summary judgment, as the "loud bang" could have been a loud knock, an attempt to breach the front door with the battering ram, or any of numerous other reasonably inferable possibilities. However, at oral argument, Greiner's counsel conceded that "the knock was there," and agreed that the Agents "did something that caused [Greiner] to go to the front door." Based on that concession we are satisfied that a "knock" occurred, and focus our attention instead to the related question of whether the officers announced their purpose and authority before forcibly entering the house. *Bynum*, 362 F.3d at 579; *Granville*, 222 F.3d at 1217.

[2] Greiner also produced a declaration from a "police practices expert" she had retained. The expert staged a reenactment of the incident and offered testimony concerning the results of that exercise. However, we agree with the

3

Greiner argues that her testimony is sufficient to raise a triable issue of material fact under *Mena v. City of Simi Valley*, 226 F.3d 1031 (9th Cir. 2000). In *Mena*, the officers claimed that they knocked and announced their presence before entering the plaintiff's home. *Id*. at 1042. On the other hand, the plaintiff (who had been asleep in a bedroom near the front door when the knock and announce purportedly occurred) argued that, because she hadn't been awakened, "the police either did not 'knock and announce' at all, or they did not 'knock and announce' loudly enough to constitute adequate notice." *Id.* at 1041-42. We held that, "in light of [plaintiff] and the officers' contradictory testimony, there is an issue of fact as to whether the police announced themselves before forcing entry into the Mena home." *Id*. at 1042.

Bound by the decision in *Mena*, we must agree with Greiner. In both circumstances, the plaintiff offers contradicting testimony to that of the law enforcement officers, concerning whether a verbal announcement was made before the front door was breached. In fact, Greiner's testimony seems more contradictory of the Agents' testimony than the testimony offered by the plaintiff in *Mena*, who merely predicted she would have been awakened from her sleep by the knock and announce. Because a jury could reasonably infer from Greiner's

---

district court that the reenactment "sheds no more light on the disputed events" and "merely speculates as to the truth of an event."

4

testimony that the Agents did not "announce[] themselves before forcing entry into [her] home," *id.*, Greiner has demonstrated a triable issue of material fact concerning whether the Agents complied with the knock and announce statute.[3]

Costs on appeal are awarded to Greiner.

**VACATED and REMANDED.**

---

[3] Our dissenting colleague disagrees, arguing that certain inconsistencies in Greiner's deposition and affidavit testimony undermine her assertion that no announcement was made prior to entry. However, Greiner has not disputed that she could hear the Agents talking when she went to the door. Though she has offered various descriptions of the volume at which they were talking, she has consistently maintained that, whatever the Agents said at that time, it did not include an audible announcement of their purpose and authority. Those inconsistencies may present fertile ground for cross-examination at trial, but they aren't particularly significant in reviewing a motion for summary judgment. Greiner's assertion, when viewed in its most favorable light, is sufficient to create a triable issue under *Mena*.



*Greiner v. Wall*, No. 16-35926

PAYNE, Senior United States District Judge, dissenting.

With respect for the views of my good colleagues in the majority, I dissent because, as I understand the record, there is no genuine dispute of material fact on the only issue remaining for decision: whether the FBI Agents satisfied the announce component of the knock and announce requirement.

Following discovery, the FBI Agents moved for summary judgment on Greiner's claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). To support their motion, the FBI Agents offered clear and detailed descriptions of the actions that they took before forcibly entering Greiner's house. Those declarations establish that the knock and announce requirement was satisfied.

The FBI Agent's declarations showed that they knocked and then announced the purpose of serving a warrant repeatedly and loudly enough that the announcement was heard by agents who were located 10-15 feet from Greiner's front door and by agents who were 30 or more feet away from it. In so doing, the FBI Agents met their "responsibility of informing the district court of the basis for [their] motion, and identifying those portions of . . . [the record] which [they] believe[] demonstrate the absence of a genuine dispute of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56).

Because the FBI Agents met their responsibility under the summary judgment protocol set by Rule 56 and *Celotex*, it was up to Greiner to designate "'specific facts showing that there [was] a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). She did not do that.

At her deposition, Greiner acknowledged that, within a matter of seconds after the knock (a loud bang at the front side of her house), Greiner ran to the front door and heard the FBI Agents talking outside. There was, she swore, "massive talking that went on outside." *Id.* And, although she heard the talking, she said, "I couldn't make out anything they were saying." She also testified that there was "a riot at my front door."[1] The declarations of the FBI Agents prove that the talking that Greiner admittedly heard was the announcement required by law.

At oral argument, Greiner's counsel admitted that the knock component of the knock and announce requirement was satisfied, leaving as the only issue whether there was a genuine dispute of material fact that the announce component had been satisfied. Considering the record as a whole, which we must do,[2] and according Greiner all

---

[1] It is undisputed that the entry followed the knock and announce. Greiner testified, as did the FBI Agents that Greiner's front door was breached by the battering ram after Greiner ran to the front door after hearing the knock, seeing the FBI Agents on her front porch, turning away, and running back toward her kitchen.

[2] *See Matsushita Elec. Ind'l Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial.").

reasonable inferences, as we must, I conclude that the record demonstrates that there is no genuine issue of material fact as to whether the FBI Agents made the requisite announcement: the evidence shows that Agent Daniels announced the Agents' presence and purpose; that Greiner heard the announcement; and that she did not understand it. It is, I respectfully suggest, neither reasonable nor permissible to accord Greiner an inference that the announcement was not made when she admits that she heard what all the other evidence shows was the announcement.

To cure this dispositive defect in her case (that she heard the announcement), Greiner offered, along with her opposition to summary judgment, a post-deposition declaration asserting that she did not hear what the record, as a whole, shows to have been the announcement. To support the statement in her post-deposition declaration that she did not hear the announcement, Greiner claims that all she heard was "multiple voices mumbling."

In my view, the declaration cannot be considered at all because "a party cannot create an issue of fact by an affidavit contradicting [her] prior deposition testimony." *Hambleton Bros. Lumber Co. v. Balken Enters., Inc.*, 397 F.3d 1217, 1225 (9th Cir. 2005) (quoting *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991)). In her deposition, Greiner swore that she heard "massive talking" that was "[l]ike a riot at my front door." But "mumbling," the term used in Greiner's declaration, is the substantive opposite of the description given in her deposition ("massive talking," "like

3

a riot"). To mumble is "to utter with a low inarticulate voice" (intransitive verb) or "to utter words in a low confused indistinct manner" (transitive verb). <u>Mumble</u>; Merriam-Webster.com, https://www.merriam-webster.com/dictionary/mumble. Thus, Greiner's declaration is inconsistent with her deposition testimony. But, even if the post-deposition declaration could be considered, it must be considered as a whole, and Greiner's assertion therein that she did not hear the announcement is disproven by her statement that she heard "mumbling," because even that description shows that she heard what the other evidence proves was the announcement.

The majority is of the view that Greiner's showing is sufficient to show a knock and announce violation under *Mena v. City of Simi Valley*, 226 F.3d 1031 (9th Cir. 2000). I do not understand *Mena* to hold that a genuine issue of material fact exists when the plaintiff admits hearing what the other evidence shows to be a legally sufficient announcement, but the plaintiff fails to understand the officers' words. The key (and only remaining) element of Greiner's *Bivens* claim is whether the FBI Agents announced their presence, not whether Greiner understood an announcement. Her evidence fails to raise a genuine issue of material fact on that dispositive element of her claim; instead, Greiner's evidence shows only that she did not understand Agent Daniels' announcement.

Greiner has not cited an analogous case, in which a court has found that a genuine issue of material fact existed when the record evidence showed: (1) that the habitant

4

came to the door; (2) that the habitant acknowledged hearing the law enforcement officers speaking the announcement loudly; but (3) that the habitant did not understand what the officers were saying. Nor have I located such a decision. The closest decision to the facts in this case in this circuit, I think, is *Somavia v. Las Vegas Metropolitan Police Department*, 15 F.3d 1089 (9th Cir. 1994) (unpublished),[3] in which the Court concluded that an occupant's statement that she did not hear a knock or announcement, but only the officers' yelling and screaming after they shot off her lock, was not enough evidence to survive summary judgment, because the occupant had raised "no more than a 'metaphysical doubt' that no announcement was made." *See id.* at *2.

The facts in this case are also quite similar to those in *Chappell v. City of Cleveland*, 585 F.3d 901 (6th Cir. 2009). In *Chappell*, the district court had denied a claim of qualified immunity because of a perceived genuine issue of material fact; the officers testified that they had made an announcement while three people in the room testified that they had not heard the announcement. *Id.* at 914. The district court thought that the habitants' testimony created a genuine issue of material fact. *Id.* The Sixth Circuit disagreed, holding that "the three witnesses' failure to hear the 'Cleveland Police' announcements [did] not refute the detective's testimony that they in fact made

---

[3] Although unpublished opinions cannot be used for persuasive or controlling authority, *see* Ninth Circuit Rule 36-3(c); *Sorchini v. City of Covina*, 250 F.3d 706, 709 (9th Cir. 2001), they can nonetheless be helpful analytical tools where, as here, their facts are similar.

5

several such announcements; it establishe[d] only that the witnesses didn't hear the announcements. In other words, the discrepancy [did not] actually raise a *genuine* dispute of material fact." *Id.*[4]

At most, Greiner's testimony, considered as part of the record as a whole, provides only a scintilla of evidence in support of her claim, or, as the district court held, a "metaphysical" doubt whether the announcement requirement was satisfied. That—as the Supreme Court held in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986), and in *Matsushita*—is not enough to avoid summary judgment.

For the foregoing reasons, I would affirm the judgment of the district court.

---

[4] The declaration by Greiner's police-practices expert, Donald Van Blaricom, does not change this conclusion, because Van Blaricom reenacted the scene and said that Greiner had no trouble hearing a knock and announce then. But, as the district court noted, this reenactment "sheds no more light on the disputed events" and "merely speculates as to the truth of an event." Therefore, he does not present any evidence that could create a genuine issue of material fact for Greiner to survive summary judgment.